UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LISA BROCK, as Special Administrator of the
Estate of Alexis Maki, Deceased,

        Plaintiff,

    v.

CITY OF LEBANON, and
THE LEBANON POLICE DEPARTMENT,

        Defendants.

Case No. 25-cv-02149-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Lisa Brock, as Special Administrator of the Estate of Alexis Maki, Deceased's Notice of Voluntary Dismissal (Doc. 12) and Motion to Remand (Doc. 13). Plaintiff initially filed her complaint against Defendants City of Lebanon and the Lebanon Police Department in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Her complaint asserts four claims against Defendants: (1) a violation of the Illinois Survival Act, (2) a violation of the Illinois Wrongful Death Act, (3) a violation of the Illinois Domestic Violence Act, and (4) a deprivation of substantive due process under 42 U.S.C. § 1983. Defendants timely removed the case to this Court pursuant to 28 U.S.C. § 1331 because the complaint alleged a federal question. Now, Plaintiff filed a notice that voluntarily dismissed her only federal claim—Count 4 of the complaint—without prejudice, and a motion that asks the Court to remand this case. Defendants filed a response indicating they take no position on the motion to remand (Doc. 14).

    A.  Notice of Dismissal

Plaintiff's notice of dismissal was filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Rule 41(a)(1)(A)(i) allows dismissal by a plaintiff without court order at any time

before the opposing party serves an answer or a motion for summary judgment. The notice itself effects immediate dismissal; no further action by the Court is necessary. *Smith v. Potter*, 513 F.3d 781, 782 (7th Cir. 2008). Defendants have not served an answer or motion for summary judgment in this case. Because Plaintiff has an absolute right to dismiss at the present time, the Court finds that Count 4 of the complaint is DISMISSED without prejudice.

    B.  <u>Motion to Remand</u>

The Court had at the time of removal, and continues to have, jurisdiction over the remaining claims under 28 U.S.C. § 1367(a). However, § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." District courts have broad discretion in deciding whether to decline jurisdiction over state law claims when no original jurisdiction claims remain pending. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). In making this decision, district courts are instructed to consider judicial economy, convenience, fairness, and comity. *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Generally, "when the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright*, 29 F.3d at 1251).

After considering the relevant factors, including the fact that this case is in a very early stage and involves questions of interpretation and application of state law, the Court has determined that remand is proper. Therefore, it GRANTS Lisa Brock, as Special Administrator of the Estate of Alexis Maki, Deceased's Motion to Remand (Doc. 13) and REMANDS this case

to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**
**DATED**:   **January 14, 2026**

                                                    s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **United States District Judge**